# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed:  November 13, 2020

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| EVA CRUZ *and* OMAR LOPEZ JIMENEZ, *Special Administrators of the Estate of L.J.L.*, | * <br> * <br> *   UNPUBLISHED <br> * |
| Petitioners, | *   No. 14-1119V |
| v. | *   Special Master Gowen <br> * |
| | *   Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * <br> * <br> * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

Karen H. Ross, Law Office of Karen Ross, Henderson, NV, for Petitioners.
Camille M. Collett, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 3, 2020, Eva Cruz and Omar Lopez Jimenez ("Petitioners") filed a motion for final attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 133). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$11,298.45**.

I.  **Procedural History**

The procedural history of this case was laid out in detail in my prior decision awarding interim attorneys' fees and costs. (ECF No. 125). Following that decision, the parties filed a joint stipulation of dismissal on June 10, 2020. (ECF No. 130). On the same day, I issued my order concluding proceedings pursuant to Vaccine Rule 21(a). (ECF No. 131).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

On August 3, 2020, Petitioners filed a motion for final attorneys' fees and costs. Petitioners request compensation in the total amount of $11,298.45, representing $7,150.00 in attorneys' fees and $4,148.45 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioners warrant they did not personally incurred costs in pursuit of their claim. Fees App. at 16. Respondent reacted to the fees motion on August 18, 2020, stating that "[s]hould the Special Master conclude that an award of fees and costs is appropriate, respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 3 (ECF No. 134). Petitioner did not file a reply to Respondent's response.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petition was eventually dismissed, the undersigned previously noted the presence of good faith and reasonable basis when awarding interim fees. The work for which reimbursement is now requested also has a reasonable basis because it was necessary to bring the matter to a conclusion. Accordingly, a final award of attorneys' fees and costs is proper.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioners request an hourly rate of $250.00 per hour for the work of their counsel, Ms. Karen Ross. I have previously found this hourly rate to be reasonable when awarding interim fees, and I find that it is reasonable for the work which compensation is now being requested.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$7,150.00**.

b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request total attorneys' costs in the amount of $4,148.45. This amount is comprised of acquiring medical

literature, photocopies, and expert costs. I have reviewed the requested costs and find them to be reasonable and typical of vaccine program litigation. Accordingly, Petitioners are awarded the full amount of costs sought.

### III. Conclusion

**Accordingly, I award a lump sum in the amount of $11,298.45, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their attorney, Ms. Karen Ross.[2]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[2] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).